FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

_Tyler Scher_

(Enter above the full name of the plaintiff in this action)

V.

_Turner - Foster_ and

_Stevie Knight_

(Enter the full name of the defendant of defendants in this action)

COMPLAINT

Civil Action No. _____

(To be supplied by the Clerk of the Court)

---

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $402.00 (a filing fee of $350.00, and an administrative fee of    $52.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

---

6.    **If you cannot prepay the $402.00 fee**, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    **If you are given permission to proceed in forma pauperis, the $52.00 Administrative Fee will not be assessed**. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.    Jurisdiction is asserted pursuant to (CHECK ONE)

    ____    42 U.S.C. §1983 (applies to state prisoners)

    √    Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

1b.    Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

√ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2.   Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.   Parties to previous lawsuit:

Plaintiff(s): _____ N/A _____

_____

Defendant(s): _____

_____

b.   Court and docket number: _____ N/A _____

c.   Grounds for dismissal:  ( )   frivolous   ( ) malicious

( )   failure to state a claim upon which relief may be granted

d.   Approximate date of filing lawsuit: _____ N/A _____

e.   Approximate date of disposition: _____ N/A _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.   Place of Present Confinement? FCI Fort Dix _____

4.   Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.   Name of plaintiff: Tyler Scher _____

Address: PO Box 2000, Joint Base MDL, NJ 08640

Inmate#: 33930-171

b.   First defendant:

Name: Dr. Turner-Foster

Official position: Medical Director

Place of employment: FCI Fort Dix - BOP

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Engaged in a pattern of deliberate indifference to a serious medical need and discrimination by ignoring doctor recommended treatment based on disability.

c.   Second defendant:

Name: Stevie Knight

Official position: Warden

Place of employment: FCI Fort Dix - BOP

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Engaged in a pattern of deliberate indifference to a serious medical need and discrimination by ignoring doctor recommended treatment based on disability.

d.   If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

5.   I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

√ Yes   ___No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

I began the Administrative Remedy Process in June 2021, which ended approximately 6 months later in January, 2022. There was no change in my current status.

If your answer is "No," briefly explain why administrative remedies were not exhausted.

6.   Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

Please see Attached (5 pages)

7.    Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

I want the Court to order order the BOP to provide doctor recommended Medication Assisted Treatment with Buprenorphine without restrictions, for as long as its medically necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

8.   Do you request a jury or non-jury trial? (Check only one)

(✓) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __15__ day of ___March___ , 20_23_

_____
Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

Tyler Scher

Pg. 1

## Claim 1

Defendants failure to provide appropriate medical treatment for withdrawal symptoms and other complications related to plaintiff's untreated opiate-use disorder, in contravention to two physician's recommendations, violates the United States Constitution's Eighth Amendment prohibition on cruel and unusual punishment. This failure to provide adequate and appropriate medical care has prolonged Scher's unnecessary suffering and exposed him to an increased risk of relapse, overdose, and death.

Records will show Scher first sought treatment for his Opiate-use disorder (OUD) shortly after arriving at FCI Fort Dix in September, 2019. The only treatment that has worked for Scher has been Medication-Assisted Treatment (MAT) with Buprenorphine and to a lesser extent with methadone, in the past, giving Scher long periods of stability and recovery. Scher was first prescribed Buprenorphine in 2011, all the way up to his arrest in 2017, when he was forced to discontinue against medical advice, with instructions to resume MAT as soon as possible from his physician.

Scher has met all official BOP eligibility requirements for enrollment in the MAT program, which includes screening and individualized assessment from

Pg.2                    Claim 1 cont..

Psychology and health services, Dr. Gomez, the MAT coordinator for psychology, and Dr. Sood, Scher's personal physician, both conducted the required assessments and recommended treatment with Buprenorphine begin as soon as possible.

The medical Director, Dr. Turner-Foster first denied MAT altogether in June, 2021 in a statement saying it was unnecessary, in part because access to opiates while incarcerated "should be nonexistent" therefore the risk of relapse, overdose, and death is minimal. That same month Scher began the Administrative remedy process contending he had already relapsed once in January, 2020 proving the Director's statement false, and that MAT was recommended by both his doctors. In July, 2021 the other defendant, the warden, denied Scher's BP-9 appeal, for the same reason the medical director gave. The defendants actions amounted to deliberate indifference to a serious medical need.

Scher experienced his second relapse on Buprenorphine in August, 2021, and after loosing priveledges, spending 45 days in the SHU experiencing painful withdrawal symptoms, the medical director changed positions and approved MAT with Vivitrol. Scher had previously explained in the assessments performed by Dr's. Sood and Gomez, that Vivitrol did not work for him in the past because it did not control cravings and it

Pg.3                    Claim 1 cont.,
Caused adverse side effects like migraines, and a rash/hives that were intolerable. This factored into the recommendations for Buprenorphine.

Scher has sent dozens of written requests and through his doctors to the defendants, asking for a reconsideration or even a consultation to discuss MAT. Since the decision to deny Buprenorphine in favor of Vivitrol was never explained and is not based on objective medical evidence. All requests as recent as a BP-8 to Dr. Turner-Foster in December, 2022 have gone unanswered. Scher has no choice but to bring this issue to court, and is confident a full review of the record will show evidence of deliberate indifference to a serious medical need.

Pg. 4    Claim 2

Opioid Use disorder is a recognized disability under Title II of the Americans with Disabilities Act, which prohibits discrimination against qualified individuals with disabilities. As a qualified individual who has met the essential eligibility requirements for the program and has been recommended MAT with Buprenorphine by two BOP doctors — Dr. Sood and Dr. Gomez, it is discrimination to be denied the opportunity to meaningfully participate in or benefit from the program for the reasons the defendants gave.

As first documented in Scher's Administrative Remedy, the defendants denial or restrictions on MAT pursuant to a larger policy prohibiting the Use of any Controlled Substance unless already prescribed entering BoP custody, violates the ADA due to its disparate impact on opiate-addicted individuals like Scher. Defendants allow other inmates to access MAT with all 3 FDA approved medications without restrictions, so their refusal to make a reasonable accommodation for Scher is discrimination based on disability.

pg. 5    Claim 2 Cont.

Restrictions on MAT, such as allowing only one FDA-approved medication but no others, without a reasonable explanation, are discriminatory because they make it harder for individuals to achieve the programs' objectives of abstention from illicit drug use and crime. This is exactly what defendants did to Scher, restricting MAT to Vivitrol, a medication that doesn't work for him and caused him harm, and refusing to make a reasonable accomodation for treatment with an alternative medication.