# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYLER SCHER, | Civil Action |
| Plaintiff, | No. 23-1679 (CPO) (MJS) |
| v. | |
| WARDEN STEVIE KNIGHT, et al., | **OPINION** |
| Defendants. | |

**O'HEARN, District Judge.**

Before the Court is Defendants' motion, seeking among other things,[1] to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 17.) For the following reasons, the Court will grant in part the motion and dismiss the Complaint as moot.

## I. BACKGROUND[2]

This case arises from Plaintiff's medical care when he resided at Federal Correctional Institution ("FCI") Fort Dix. (ECF No. 1, at 4–12.) Plaintiff names FCI Fort Dix's warden, Stevie Knight, and its medical director, Dr. Turner-Foster, as Defendants in this matter. (*Id*. at 4.)

According to Plaintiff, he suffers from "opiate-use disorder" that causes him significant "withdrawal symptoms and other complications." (*Id*. at 8.) From approximately 2011, until his arrest in 2017, Plaintiff received Medical-Assisted Treatment ("MAT") for his condition, primarily

---

[1] Defendants also seek to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 17-1, 17–26.)

[2] The Court will accept as true the factual allegations—that are unrelated to jurisdiction—in the Complaint for the purposes of this Opinion only. The Court has made no findings as to the veracity of Plaintiff's allegations that are unrelated to jurisdiction.

with Buprenorphine. (*Id*.)  After his arrest, "he was forced to discontinue" MAT, despite his physician's advice "to resume MAT as soon as possible." (*Id*.)

After arriving at FCI Fort Dix in September of 2019, Plaintiff met with two physicians who conducted MAT assessments, and they recommended that he begin treatment with Buprenorphine as soon as possible. (*Id*. at 9.)  It is unclear if Plaintiff began receiving the treatment, but in June of 2021, Defendant Turner-Foster discontinued MAT for the entire prison. (*Id*.)  She discontinued the program, stating that "it was unnecessary . . . because access to opiates while incarcerated 'should be nonexistent[,]' therefore the risk of relapse, overdose, and death is minimal." (*Id*.)

Nevertheless, Plaintiff relapsed on two occasions, causing him to suffer "painful withdrawal symptoms." (*Id*. at 9–10.)  Thereafter, Defendant Turner-Foster changed her position and approved MAT but with a different drug, Vivitrol. (*Id*. at 9.)  However, Plaintiff's medical records note that "Vivitrol did not work for him in the past," as it did not control his cravings and caused intolerable side effects like migraines, rashes, and hives. (*Id*. at 10–11.)  Plaintiff wrote numerous requests and grievances, seeking to switch to MAT with Buprenorphine, but was unsuccessful. (*Id*. at 5, 9–10.)

Ultimately, Plaintiff filed the instant Complaint in March of 2023.  In terms of relief, Plaintiff seeks *only* injunctive relief, to order Defendants to provide him MAT with Buprenorphine, "for as long as [it is] medically necessary." (*Id*. at 6.)  In September 2023, however, the Bureau of Prisons transferred Plaintiff to FCI Hazelton, in Bruceton Mills, West Virginia. (ECF No. 10, at 1.)  In February of 2024, Defendants filed a motion to dismiss, arguing that the Complaint is moot, among other things. (ECF No. 17.)  Plaintiff did not file an opposition.

## II.  STANDARD OF REVIEW

Under Rule 12(b)(1), an attack on subject matter jurisdiction may be either a facial or a factual attack. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008).  A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (internal quotation marks omitted) (alteration marks omitted).

In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.*

Defendants have presented this Court with a factual attack, as they contend that the facts of the case, *i.e.*, its mootness, preclude this Court from exercising subject matter jurisdiction. *See e.g.*, *Hickman v. Subaru of Am., Inc.*, No. 21-2100, 2022 WL 11021043, at *5 (D.N.J. Oct. 19, 2022) (explaining that mootness challenges are factual attacks); *Children's Health Def., Inc. v. Rutgers, State Univ. of New Jersey*, No. 21-15333, 2022 WL 4377515, at *3 (D.N.J. Sept. 22, 2022) ("A challenge for mootness . . . constitutes a factual attack on the jurisdictional facts.").  In a factual attack, plaintiff's allegations related to jurisdiction do not enjoy the presumption of truthfulness. *CNA*, 535 F.3d at 139; *Mortensen*, 549 F.2d at 891.  Plaintiffs bear the burden to establish jurisdiction, and a court may make factual findings beyond the pleadings that are decisive to jurisdiction. *CNA*, 535 F.3d at 145; *Atkinson*, 473 F.3d at 514.

### III. DISCUSSION

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*. (ECF No. 1, at 2, 8–12.) As mentioned above, Defendants move to dismiss the Complaint on mootness grounds. (ECF No. 17-1, at 13–17.)

Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313. If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). Stated differently, a "favorable judicial decision" must be capable of redressing an injury traceable to the defendant. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

With those principles in mind, the Complaint requests only injunctive relief, seeking to order Defendants to provide Plaintiff treatment with Buprenorphine. (ECF No. 1, at 6, 8–12.) However, the Defendants are officials at FCI Fort Dix, and Plaintiff no longer resides at FCI Fort Dix. (*See* ECF No. 10, at 1.) "[A] prisoner's claims for injunctive relief generally become moot on his transfer from the facility at issue." *E.g.*, *Washington v. Gilmore*, No. 21-2876, 2022 WL 1073873, at *2 (3d Cir. Apr. 11, 2022); *Griffin v. Beard*, 401 F. App'x 715, 716 (3d Cir. 2010). During the pendency of this case, the BOP transferred Plaintiff to FCI Hazleton. (*See* ECF No. 10, at 1; ECF No. 17-4 ¶3.) Consequently, the case is moot because Defendants, and their subordinates

4

at FCI Fort Dix, are no longer responsible for Plaintiff's medical care and no longer determine whether he receives the medication at issue.

In other words, even if the Court ruled in Plaintiff's favor and ordered Defendants to direct their staff to provide the medication, those rulings would have no effect, constitutional or otherwise, on Plaintiff as he no longer resides at FCI Fort Dix. As a result, the Court cannot grant effective relief and there is no live controversy in this case. Nor do any of the exceptions to mootness apply. *See generally Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 384 (3d Cir. 2001) (discussing the exceptions).

Accordingly, the Court will grant in part Defendant's motion and dismiss the Complaint as moot.[3] If Plaintiff believes that his medical care at FCI Hazelton continues to violate his rights, he may file a new complaint—after exhausting his administrative remedies—in the Northern District of West Virginia.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part Defendants' motion and dismiss the Complaint as moot. An appropriate Order follows.

Dated: June 6, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[3] The Court would have alternatively dismissed Plaintiff's ADA claims on the merits, as the ADA does not apply to federal entities like the Bureau of Prisons, or federal officers such as the Defendants. *See e.g.*, *Evans-Sampson v. United States Dep't of Just.*, No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022) (explaining that Title II of the ADA does not apply to federal agencies); *Saunders v. Admin. Off. of United States Cts.*, No. 22-4699, 2023 WL 5207939, at *3 (D.N.J. Aug. 14, 2023); *see generally Campfield v. New Jersey Transit*, No. 19-19794, 2023 WL 6387271, at *3 (D.N.J. Sept. 29, 2023) (explaining that the proper way to raise ADA type discrimination claims against federal entities is through the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*).